THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Jerry M. Collins,       
Appellant.
 
 
 

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-131
Submitted January 10, 2003  Filed February 
 19, 2003

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia; 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General Melody J. Brown, of Columbia; Robert M. Ariail, of 
 Greenville; for Respondent.
 
 
 

 
PER CURIAM: Jerry M. Collins was convicted 
 of trafficking in methamphetamine and possession of a firearm during the commission 
 of a crime.  He was sentenced to concurrent terms of twenty-five years imprisonment 
 for trafficking and five years for the weapons charge.  Collins appeals his 
 convictions and sentences.  We affirm.
FACTS
Police received an anonymous tip that Collins was 
 at a local residence.  As there was an outstanding arrest warrant on Collins, 
 the officers decided to effect a stop of his vehicle after he left the residence.  
 The officers noted that Collins was driving a car registered to Patsy Burns, 
 who was known to be Collins sister.  In an attempt to stop Collins without 
 incident, the officers set up a drivers license checkpoint.  However, Collins 
 evaded the checkpoint and, after being boxed in by several police vehicles, 
 he attempted to accelerate and push one of the vehicles out of the way.  After 
 Collins was removed from the vehicle, officers found several items on his person 
 including a 9 mm handgun, two small plastic bags containing white powder, some 
 loose green plant material, and $1897 in cash.  The white powder substance field-tested 
 positive as methamphetamine.  
The officers also recovered a .32 caliber revolver 
 and two bank bags from the vehicle.  The first bank bag contained a set of digital 
 scales and a total of seven small plastic bags containing a white powder.  The 
 powder in six of these bags field-tested positive as methamphetamine.  The second 
 bank bag contained a small plastic bag with a green flake material that later 
 field-tested positive as marijuana.  There were also two pill bottles in the 
 bag, containing a total of 36 pills that field-tested as a controlled substance.  
 Patsy Burns name was on one of the pill bottles.  
Collins counsel made a pre-trial motion, stating 
 that, though he served a motion for discovery on the solicitors office, he 
 had not received important documents.  Counsel stated he received the incident 
 report before trial, but had not yet received:  a copy of the warrant, a copy 
 of Collins confession, or any information about whether Patsy Burns was charged 
 in this case.  Counsel then asked for a continuance in order to get that discovery.  
 The State countered that the only evidence not turned over to the defense were 
 property and evidence sheets and a statement by Patsy Burns that the car was 
 in her name, and that the car belonged to [Collins].  The State also clarified 
 that, while Patsy Burns was not charged in the instant case, she was charged 
 with the underlying conspiracy.  The trial judge denied the motion, finding 
 the information about Patsy Burns involvement in a conspiracy was not exculpatory.  
 Collins was subsequently convicted of trafficking methamphetamine and possession 
 of a firearm.  
LAW/ANALYSIS
Collins argues the trial judge erred in refusing to 
 grant his discovery request.  Collins argues the State should have given him 
 information about both his arrest warrant and Patsy Burns drug activities because 
 of their exculpatory nature.  We do not agree.
Brady [1] requires the prosecution to disclose 
 evidence in its possession which is favorable to a defendant and material to 
 guilt or punishment.  State v. Kennerly, 331 S.C. 442, 452, 503 S.E.2d 
 214, 219-20 (Ct. App. 1998).  Evidence is material under Brady only 
 if there is a reasonable probability that, had the evidence been disclosed to 
 the defense, the result of the proceeding would have been different.  State 
 v. Cain, 297 S.C. 497, 503, 377 S.E.2d 556, 559 (1988).  A reasonable probability 
 is a probability sufficient to undermine confidence in the outcome.  Id.  

While Brady mandates the States 
 disclosure of exculpatory evidence, we find neither the arrest warrant nor the 
 information about Patsy Burns was material to guilt or punishment.  The arrest 
 warrant is not material under Brady because there is no reasonable probability 
 that the outcome of the case would have changed if Collins had a copy of the 
 arrest warrant.  Though Collins argues he would have had a better opportunity 
 to challenge the search and seizure of the vehicle, even without an outstanding 
 warrant, the drugs and weapons would have been discovered.  Collins evaded a 
 license checkpoint and attempted to push a pursuing police car out of his way.  
 At that point, officers were justified in removing Collins from the vehicle 
 and searching his person.  And, as Collins was sitting on the two bank bags, 
 they would have been in plain view of the officers.  In the search that would 
 have followed, the handguns and drugs would have been discovered.  Thus, we 
 find there is no reasonable probability that the outcome of Collins case would 
 have been different if he had received a copy of his arrest warrant.    
Likewise, information about Patsy Burns indictment 
 for the underlying conspiracy does not qualify as material under a Brady 
 analysis.  The defense was aware that Collins was driving Burns car and that 
 police found a controlled substance in a bottle with Burns name on the label.  
 While the defense may not have been informed that Burns had been indicted in 
 the underlying conspiracy, there was clearly enough evidence to put the defense 
 on notice that Burns was involved in some kind of drug activity.  See 
 State v. Kennerly, 331 S.C. at 453, 503 S.E.2d at 220 (finding under 
 a Brady analysis, information is not deemed material if the defense 
 discovers the information in time to adequately use it at trial).  As such, 
 there is no reasonable probability that, had Collins been informed of Burns 
 indictment, the result of the proceeding would have been different.  
Accordingly, we find the trial judge did 
 not err in denying Collins discovery request.
CONCLUSION
Based upon the foregoing, Collins convictions and 
 sentences are  
AFFIRMED.
HEARN, C.J., GOOLSBY and SHULER, JJ., concur.

 
 [1] Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 
 1194, 10 L. Ed. 2d 215 (1963).